Victor M. Felix (Bar No. 179622)
Jacob K. Poorman (Bar No. 262261)
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398
E-mail: victor.felix@procopio.com
E-mail: jacob.poorman@procopio.com

Joseph Casino, Esq. (*Pro Hac Vice* to be filed)
WIGGIN & DANA, LLP
437 Madison Avenue
New York, NY 10022-7001
Telephone: 212.551.2842
E-mail: jcasino@wiggin.com

Attorneys for Endobotics, Inc.

**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENDOBOTICS, INC.,<br>Plaintiff,<br>v.<br>FORTIMEDIX SURGICAL B.V. and FORTIMEDIX USA, INC.,<br>Defendants. | Civil Action No. '17CV2425 MMAJMA<br>**COMPLAINT FOR PATENT INFRINGEMENT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Endobotics, Inc. ("Endobotics"), hereby alleges for its Complaint for Patent Infringement against Fortimedix Surgical B.V. ("Fortimedix Surgical") and Fortimedix USA, Inc. ("Fortimedix USA") (collectively, "Defendants") on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This action arises under 35 U.S.C. § 271 for Defendants' infringement

of Endobotics' U.S. Patent Nos. 7,147,650, 7,338,513, 7,364,582, 8,221,450 and 7,686,826 (attached hereto as Exhibits A-E, respectively).

**PARTIES**

2. Plaintiff Endobotics is a Delaware limited liability company with its principal place of business located at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

3. Defendant Fortimedix Surgical is a Netherlands corporation with a principal place of business at Daelderweg 20, 6361 HK Nuth, the Netherlands.

4. Defendant Fortimedix USA is a California corporation with a principal place of business at 8174 Doug Hill, San Diego, California 92127.

**JURISDICTION AND VENUE**

5. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35 of the United States Code, §§ 100, *et seq*.

6. Subject matter jurisdiction over Endobotics' claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

7. This Court has personal jurisdiction over Defendant Fortimedix Surgical because Fortimedix Surgical is subject to general and specific jurisdiction. Fortimedix Surgical has established minimum contacts with this forum, and regularly conducts business in this District, by inter alia, directing its sales and importation of infringing goods to the United States of America at least through its U.S. subsidiary, which is incorporated in the State of California, and thus enjoys the privileges and protections of California law. Fortimedix Surgical, through its subsidiary, directs marketing, selling, offering for sale, and/or importing the Accused Products (defined *infra*). The exercise of personal jurisdiction comports with Fortimedix Surgical's right to due process, because it has purposefully availed itself of the privilege of conducting activities within the Southern District of California such that it should

reasonably anticipate being hailed into court here.

8. This Court has personal jurisdiction over Defendant Fortimedix USA because Fortimedix USA is subject to general and specific jurisdiction. Fortimedix USA has established minimum contacts with this forum by being incorporated within it. Fortimedix USA is incorporated in the State of California and thus enjoys the privileges and protections of California law. Fortimedix USA resides and regularly conducts business in this District, including by marketing, selling, offering for sale, and/or importing the Accused Products (defined *infra*). The exercise of personal jurisdiction comports with Fortimedix USA's right to due process, because it has purposefully availed itself of the privilege of conducting activities within the Southern District of California such that it should reasonably anticipate being hailed into court here.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(b) at least because Defendant Fortimedix USA is a California corporation has its principal place of business within this district, transacts business within this district, and has committed acts in this district that infringe U.S. Patent Nos. 7,147,650, 7,338,513, 7,364,582, 7,686,826, and 8,221,450, and at least because Defendant Fortimedix Surgical directs its activities in the United States of America through its subsidiary with its principal place of business within this district.

## **BACKGROUND**

10. Endobotics' predecessor-in-interest, Cambridge Endoscopic Devices, Inc. ("Cambridge"), developed and manufactured minimally invasive surgical tools. For example, Cambridge developed a surgical instrument that increases the manipulative ability of a surgical tool affixed to the end of the surgical instrument. Recognizing their value to laparoscopic surgery as well as trans-oral and trans-anal surgery, Endobotics acquired the patents-in-suit when Cambridge went bankrupt. Fortimedix Surgical and Fortimedix USA manufacture and sell a single-port surgery

solution for use with standard 15mm laproscopic trocars, providing a single-port approach. (*See* http://www.fortimedixsurgical.com/symphonxtm/symphonxtm-surgical-platform/). This device incorporates the features claimed in numerous claims in Endobotics' patents. For at least the past year, Defendants have known about Endobotics' patents. Endobotics sent Defendants numerous letters and has had numerous phone conversations with Defendants' attorneys in which Endobotics informed Defendants that their device incorporates a number of features claimed in Endobotics' patents. Each time, Defendants refused to negotiate in good faith to avoid a lawsuit. Even after Endobotics presented detailed claim charts highlighting the elements of the Endobotics patents and mapping them to elements of the Fortimedix device, Defendants refused to take a license to cure their infringement.

**COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 7,147,650**

11. Endobotics re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

12. United States Patent No. 7,147,650 ("the '650 patent"), entitled "Surgical Instrument," was duly and legally issued by the U.S. Patent and Trademark Office on December 12, 2006. Endobotics is the owner by assignment of all right, title and interest in and to the '650 patent, including all right to recover for any and all infringement thereof. All necessary maintenance fees for the '650 patent have been timely paid in full. The '650 patent is valid and enforceable. A true and correct copy of the '650 patent is attached as Exhibit A.

13. Claim 1 of the '650 patent recites, for example, a surgical instrument. The surgical instrument includes an elongated instrument shaft with proximal and distal ends. A tool is disposed from the distal end of the instrument shaft, and is coupled to the instrument shaft via a first movable member. A control handle is disposed from the proximal end of the instrument shaft, and is coupled to the instrument shaft via a second movable member. Movement of the control handle with respect to the elongated instrument shaft, via the second movable member,

causes attendant movement of the tool with respect to the instrument shaft via the first movable member. Both movable members include a bendable motion member, with each bendable motion member providing at least one degree of freedom. The bending stiffness of the second movable member is greater than the bending stiffness of the first movable member.

14. Claim 4 of the '650 patent recites, for example, a surgical instrument. The surgical instrument includes an elongated instrument shaft with proximal and distal ends. A tool is disposed from the distal end of the instrument shaft, and is coupled to the instrument shaft via a first movable member. A control handle is disposed from the proximal end of the instrument shaft, and is coupled to the instrument shaft via a second movable member. Movement of the control handle with respect to the elongated instrument shaft, via the second movable member, causes attendant movement of the tool with respect to the instrument shaft via the first movable member. Both movable members include a bendable motion member, with the maximum transverse cross-sectional dimension of the second movable member being different than that of the first movable member. The tool movement with respect to the distal end of the elongated shaft is in the same direction of the control handle movement with respect to the proximal end of the elongated shaft.

15. Claim 22 of the '650 patent recites, for example, a surgical instrument. The surgical instrument includes an elongated instrument shaft with proximal and distal ends. A tool is disposed from the distal end of the instrument shaft, and is coupled to the instrument shaft via a first movable member. A control handle is disposed from the proximal end of the instrument shaft, and is coupled to the instrument via a second movable member. Movement of the control handle with respect to the elongated instrument shaft, via the second movable member, causes attendant movement of the tool with respect to the instrument shaft via the first movable member. At least one of the first and second members includes a bendable motion member. The second movable member is able to axially rotate about the

control handle.

16. Claim 84 of the '650 patent recites, for example, a surgical instrument. The surgical instrument includes an elongated instrument shaft with proximal and distal ends. A tool is disposed from the distal end of the instrument shaft, and a control handle is disposed from the proximal end of the instrument shaft. A distal bendable member couples the distal end of the elongated instrument shaft to the tool. A proximal bendable member couples the proximal end of the elongated instrument shaft to the handle. Actuation means extend between the distal and proximal bendable members. Any deflection of the control handle with respect to the elongated instrument shaft causes a corresponding bending of the distal bendable member for control of the tool. At least one of the bendable members includes a single unitary slotted structure that is readily capable of bending in any direction. The slotted structure includes a plurality of separately disposed non-contiguous slots.

17. Claim 111 of the '650 patent recites, for example, a surgical instrument. The surgical instrument includes an elongated instrument shaft with proximal and distal ends. A tool is disposed from the distal end of the instrument shaft, and a control handle is disposed from the proximal end of the instrument shaft. A distal bendable member couples the distal end of the elongated instrument shaft to the tool. A proximal bendable member couples the proximal end of the elongated instrument shaft to the handle. Actuation means extend between the distal and proximal bendable members for coupling motion of the proximal bendable member to the distal bendable member for controlling the positioning of the tool. The proximal bendable member has a diameter that is different than the diameter of the distal bendable member.

18. Dependent claim 2 of the '650 patent further recites that each bendable motion member has two degrees of freedom to provide motion in all directions.

19. Dependent claim 3 of the '650 patent further recites that the control handle includes a push-pull actuation arrangement.

20. Dependent claim 25 of the ‘650 patent further recites that the surgical instrument further includes a rolling-motion wheel adjacent to the control handle and rotatable relative to the control handle for causing a corresponding rotation of the tool about a roll axis.

21. Dependent claim 28 of the ‘650 patent further recites that the maximum transverse cross-sectional dimension of the second movable member is different than that of the first movable member.

22. Dependent claim 29 of the ‘650 patent recites that the control handle is able to axially rotate relative to at least one of the instrument shaft and second movable member.

23. Defendants make, use, sell, offer to sell, and/or import into the United States surgical instruments that implement what Defendants call a “single-port surgery solution” “to achieve excellent triangulation for optimal surgical manipulation, retraction and exposure during a single-port approach” in their symphonX device (the “Accused Products”). (*See*, *e.g.*, Exhibit F printout of [www.fortimedixsurgical.com/symphonxtm/symphonxtm-surgical-platform/](www.fortimedixsurgical.com/symphonxtm/symphonxtm-surgical-platform/)). These Accused Products include without limitation the symphonX surgical platform and all variations known to Plaintiff. The Accused Products incorporate the features claimed in numerous claims in the ‘650 patent.

24. The Accused Products include a platform. For example, as illustrated in the promotional video on [www.fortimedixsurgical.com/symphonxtm/symphonxtm-surgical-platform/](www.fortimedixsurgical.com/symphonxtm/symphonxtm-surgical-platform/):



25. The Accused Products include an elongated shaft with proximal and distal ends. A tool is disposed from the distal end of the instrument shaft, and is coupled to the instrument shaft via a first movable member. For example:







26. The Accused Products include a control handle disposed from the proximal end of the instrument shaft. The control handle is coupled to the instrument shaft via a second movable member. For example:







27. The Accused Products include movement of the control handle with respect to the elongated instrument shaft, via the second movable member, causing attendant movement of the tool with respect to the instrument shaft via the first movable member. For example, this feature is illustrated in the promotional video:



28. The Accused Products include the feature that both movable members include a bendable motion member, with each bendable motion member providing at least one degree of freedom. For example:



29. The Accused Products have a bending stiffness of the second movable member that is greater than the bending stiffness of the first movable member.

30. The Accused Products have a maximum transverse cross-sectional dimension of the second movable member being different than that of the first movable member. For example:




31. The Accused Products have the tool movement with respect to the distal end of the elongated shaft in the same direction of the control handle movement with respect to the proximal end of the elongated shaft. For example:



As the handle is turned to the right, the tool moves toward the right

32. The Accused Products include a second movable member that is able to axially rotate about the control handle.

33. The Accused Products have actuation means that extend between the distal and proximal bendable members. The deflection of the control handle with respect to the elongated instrument shaft causes, in the Accused Products, a corresponding bending of the distal bendable member for control of the tool. At least one of the bendable members includes a single unitary slotted structure that is readily capable of bending in any direction, and the slotted structure includes a plurality of separately disposed non-contiguous slots.

34. The Accused Products include a proximal bendable member with a diameter that is different than the diameter of the distal bendable member.

35. The Accused Products have a bendable motion member with two degrees of freedom to provide motion in all directions.

36. The control handle of the Accused Products includes a push-pull actuation arrangement.

37. The Accused Products include a rolling-motion wheel adjacent to the control handle and rotatable relative to the control handle, which causes a corresponding rotation of the tool about a roll axis.

38. The Accused Products' control handle is able to axially rotate relative to at least one of the instrument shaft and the second movable member.

39. Therefore, the Accused Products meet all of the limitations of at least

claims 1-4, 22, 25, 28-29, 84 and 111, literally or under the doctrine of equivalents.

**COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 7,338,513**

40. Endobotics re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

41. United States Patent No. 7,338,513 ("the '513 patent"), entitled "Surgical Instrument," was duly and legally issued by the U.S. Patent and Trademark Office on March 4, 2008. Endobotics is the owner by assignment of all right, title and interest in and to the '513 patent, including all right to recover for any and all infringement thereof. All necessary maintenance fees for the '513 patent have been timely paid in full. The '513 patent is valid and enforceable. A true and correct copy of the '513 patent is attached as Exhibit B.

42. Claim 1 of the '513 patent recites, for example, a surgical instrument. The surgical instrument includes an elongated instrument shaft with proximal and distal ends. A tool is disposed from the distal end of the instrument shaft, and is supported extending along a distal tool axis. A control handle is disposed from the proximal end of the instrument shaft. A distal bendable member couples the distal end of the elongated instrument shaft to the tool. A proximal bendable member couples the proximal end of the elongated instrument shaft to the handle. Actuation means extend between the distal and proximal bendable members for coupling motion of the proximal motion member to the distal motion member for controlling the positioning of the tool. A rotation knob is adjacent to the control handle, and rotates relative to the control handle, causing a corresponding rotation of the tool on the distal tool axis.

43. Dependent claim 5 of the '513 patent recites that both bendable members are bendable into a curved configuration, and any rotation of the rotation knob causes a corresponding rotation of the bendable members, instrument shaft and tool.

44. Claim 36 of the '513 patent recites, for example, a surgical instrument.

The surgical instrument includes an elongated instrument shaft with proximal and distal ends, with a working member disposed from the distal end and a control handle disposed from the proximal end. The working member is coupled to the distal end via a distal bendable member. A proximal member, capable of bending into a curved configuration, is used to couple a control handle to the proximal end of the instrument shaft. A manually rotatable member is arranged adjacent to the control, and between the control handle and proximal bendable member. The manually rotatable member is adapted to be manually rotated in order to rotate the proximal bendable member, instrument shaft, distal bendable member and working member relative to the control handle. An actuation element extends between the distal and proximal bendable members. Deflection of the control handle with respect to the elongated instrument shaft causes the proximal bendable member to bend, and a corresponding bending of the distal bendable member for control of the working member.

45. Claim 50 of the '513 patent recites, for example, a manually operated medical instrument. The medical instrument includes an instrument shaft that couples with an operating handle at a proximal end and a tool at a distal end. A proximal bendable member is located at the proximal end of the instrument shaft and is bendable into a curved configuration. A distal motion member is located at the distal end of the instrument shaft, and is deflectable. One or more actuating elements intercouple the proximal bendable member and the distal motion member, with a manually initiated bending at the proximal bendable member causing a corresponding deflection of the distal motion member. This allows for the handle to control the positioning of the tool and a rotation knob disposed between a handle and proximal bendable member for controlling the rotation of the tool.

46. Defendants make, use, sell, offer to sell, and/or import into the United States Accused Products that infringe at least the aforementioned claims of the '513 patent.

47. The Accused Products include an elongated instrument shaft with a tool disposed from the distal end and a control handle disposed from the proximal end. A distal bendable member couples the distal end of the elongated instrument shaft to the tool, while a proximal bendable member couples the proximal end of the elongated instrument shaft to the handle. In the Accused Products, actuation means extend between the distal and proximal bendable members, allowing the proximal motion to be coupled to the distal motion member. A rotation knob is adjacent to the control handle and rotates relative to the control handle, causing a corresponding rotation of the tool on the distal tool axis. For example, as shown in the Defendants promotional materials:




48. The Accused Products further incorporate the features of claims 5, 36 and 50.

49. Therefore, the Accused Products meet all of the limitations of at least claims 1, 5, 36 and 50, literally or under the doctrine of equivalents.

**COUNT 3: INFRINGEMENT OF U.S. PATENT NO. 7,364,582**

50. Endobotics re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

51. United States Patent No. 7,364,582 ("the '582 patent"), entitled "Surgical Instrument," was duly and legally issued by the U.S. Patent and Trademark Office on April 29, 2008. Endobotics is the owner by assignment of all right, title and interest in and to the '582 patent, including all right to recover for any and all

infringement thereof. All necessary maintenance fees for the '582 patent have been timely paid in full. The '582 patent is valid and enforceable. A true and correct copy of the '582 patent is attached as Exhibit C.

52. Claim 1 of the '582 patent recites, for example, a surgical instrument. The surgical instrument includes an elongated instrument shaft, with a tool disposed from the distal end of the instrument shaft and a control handle disposed from the proximal end of the instrument shaft. A distal motion member couples the distal end of the instrument to the tool, and a proximal bendable member, bendable into a curved configuration, couples the proximal end of the shaft to the handle. Actuation means extend between the distal motion member and the proximal bendable member, in order to couple the motion for controlling the positioning of the tool. A rolling-motion wheel adjacent to the control handle and rotatable relative to the control handle causes a corresponding rotation of the tool about a distal tool roll axis.

53. Claim 10 of the '582 patent recites, for example, a medical instrument. The medical instrument includes an instrument shaft, with a working member disposed from the distal end of the instrument shaft and a control handle disposed from the proximal end of the instrument shaft. A first movable member couples the distal end of the instrument to the working member, and a second movable member couples the proximal end of the instrument shaft to the control handle. Movement of the control handle with respect to the instrument shaft, via the second movable member, causes attendant movement of the working member with respect to the instrument shaft via the first movable member. Both movable members include a bendable motion member, with each bendable motion member providing at least one degree of freedom. The bending stiffness of the second movable member is different from the bending stiffness of the first movable member.

54. Claim 29 of the '582 patent recites, for example, an instrument. The instrument includes an instrument shaft, with a working member disposed from the distal end of the instrument shaft and a control handle disposed from the proximal

end of the instrument shaft. A distal movable member couples the distal end of the instrument to the working member, and a proximal movable member couples the proximal end of the instrument shaft to the control handle. Movement of the control handle with respect to the instrument shaft, via the proximal movable member, causes attendant movement of the working member with respect to the instrument shaft via the distal movable member. The proximal movable member is capable of axially rotating relative to the control handle. The instrument further includes a rolling-motion wheel adjacent to the control handle and rotatable relative to the control handle for causing a corresponding rotation of the tool about the distal tool roll axis.

55. Claim 41 of the ‘582 patent recites, for example, a surgical instrument. The surgical instrument includes an elongated instrument shaft, with a tool disposed from the distal end of the instrument shaft and a control handle disposed from the proximal end of the instrument shaft. A distal bendable member couples the distal end of the instrument to the tool, and a proximal bendable member couples the proximal end of the shaft to the handle. Actuation means extend between the distal bendable member and the proximal bendable member, in order to couple the motion for controlling the positioning of the tool. The proximal bendable member has a maximum transverse cross-sectional dimension different than that of the distal bendable member.

56. Claim 46 of the ‘582 patent recites, for example, an instrument. The instrument includes an instrument shaft, with a working member disposed from the distal end of the instrument shaft and a control handle disposed from the proximal end of the instrument shaft. A distal bendable member couples the distal end of the instrument to the working member, and a proximal bendable member couples the proximal end of the instrument shaft to the control handle. Movement of the control handle with respect to the instrument shaft, via the proximal bendable member, causes attendant movement of the working member with respect to the instrument

shaft via the distal bendable member. Cables connect the proximal and distal bendable members, with the cables being located at a different radial distance from the center of the proximal bendable member, when compared to the distal bendable member.

57. Claim 49 of the '582 patent recites, for example, an instrument. The instrument includes an instrument shaft, with a working member disposed from the distal end of the instrument shaft and a control handle disposed from the proximal end of the instrument shaft. A distal bendable member couples the distal end of the instrument to the working member, and a proximal bendable member couples the proximal end of the instrument shaft to the control handle. Actuating means extend between the distal bendable member and the proximal bendable member, in order to couple the motion for controlling the positioning of the working member. The actuating means include cables arranged so that each cable is located a first radial distance from the center of the distal bendable and a second radial distance from the center of the proximal bendable member, with the first and second radial distances being different.

58. Claim 55 of the '582 patent recites, for example, an instrument. The instrument includes a proximal control handle and a distal tool intercoupled by an elongated instrument shaft. Proximal and distal movable members intercouple the control handle and distal tool, respectively, with the instrument shaft. The proximal movable member includes a proximal bendable member. Cabling extends between the movable members, such that a motion of the proximal movable member controls the distal movable member. A control member at the control handle is manipulable via proximal and distal movable members to rotate the distal tool on its axis.

59. Claim 61 of the '582 patent recites, for example, a method of controlling a medical instrument. The medical instrument includes a proximal end with a control handle and distal end with a distal tool. The control handle and distal tool are intercoupled by an elongated instrument shaft that passes within an anatomic

body, with the distal tool including a longitudinal distal tool axis. In the method, provided are proximal and distal movable members intercoupling, respectively, the proximal control handle and distal tool with the instrument shaft. The proximal and distal movable members include bendable members. Cabling is extended between the movable members so that a motion at the proximal movable member controls the distal movable member. The rotation, on the longitudinal distal tool axis, of the instrument shaft, proximal and distal movable members and the distal tool is manually controlled from the proximal end of the instrument. A control member at the proximal end of the instrument controls the rotation on the distal tool axis. The distal tool axis is a longitudinal axis common to both the distal movable and the tool.

60. Defendants make, use, sell, offer to sell, and/or import into the United States Accused Products that infringe at least the aforementioned claims of the '582 patent.

61. The Accused Products include an elongated instrument shaft, with a tool disposed from the distal end of the instrument shaft and a control handle disposed from the proximal end of the instrument shaft. A distal motion member couples the distal end of the instrument to the tool, and a proximal bendable member, bendable into a curved configuration, couples the proximal end of the shaft to the handle. In the Accused Products, actuation means extend between the distal motion member and the proximal bendable member, in order to couple the motion for controlling the positioning of the tool. A rolling-motion wheel adjacent to the control handle and rotatable relative to the control handle causes a corresponding rotation of the tool about a distal tool roll axis. For example, as shown in the Defendants' promotional materials:




62. The Accused Products further incorporate the features of claims 10, 29, 41, 46, 49, 55 and 61.

63. Therefore, the Accused Products meet all of the limitations of at least claims 1, 10, 29, 41, 46, 49, 55 and 61, literally or under the doctrine of equivalents.

**COUNT 4: INFRINGEMENT OF U.S. PATENT NO. 8,221,450**

64. Endobotics re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

65. United States Patent No. 8,221,450 ("the '450 patent"), entitled "Surgical Instrument," was duly and legally issued by the U.S. Patent and Trademark Office on July 17, 2012. Endobotics is the owner by assignment of all right, title and interest in and to the '450 patent, including all right to recover for any and all infringement thereof. All necessary maintenance fees for the '450 patent have been timely paid in full. The '450 patent is valid and enforceable. A true and correct copy of the '450 patent is attached as Exhibit D.

66. Claim 1 of the '450 patent recites, for example, a manually operated medical instrument. The medical instrument includes an instrument shaft coupling an operating handle at a proximal end and a tool at a distal end. A proximal bendable member, bendable into a curved configuration, is located at the proximal end, and a distal bendable member, bendable into a curved configuration, is located at the distal end. One or more actuating elements intercouple the proximal and distal bendable members, which are responsive to a manually initiated bending at the

proximal bendable member, thereby causing a corresponding bending of the distal bendable member into a curved position. This controls, via the handle, the positioning of the tool.

67. Dependent claim 2 of the ‘450 patent recites that the bendable members are bendable in all directions.

68. Dependent claim 3 of the ‘450 patent recites that the bendable members are bendable in any direction.

69. Dependent claim 4 of the ‘450 patent recites that the proximal bendable member is manipulated in any direction, so that the distal bendable is controlled in three dimensions.

70. Dependent claim 5 of the ‘450 patent recites that a rotation knob is disposed between the handle and proximal bendable member.

71. Dependent claim 6 of the ‘450 patent recites that the rotation knob is supported to rotate the proximal bendable member.

72. Dependent claim 7 of the ‘450 patent recites that rotation of the rotation knob controls the tool for corresponding rotation about the tool axis.

73. Dependent claim 8 of the ‘450 patent recites that the tool is disposed from the distal bendable member along a longitudinal distal tool axis, and rotation of the knob causes a corresponding rotation of the tool about the distal tool axis.

74. Dependent claim 9 of the ‘450 patent recites that the one or more actuating elements include a set of actuation cables, with at least one cable in tension with the other is in relaxation.

75. Dependent claim 10 of the ‘450 patent recites that four cables are disposed at 90 degree intervals around the instrument shaft, with two in tension and two in relaxation during bending.

76. Dependent claim 11 of the ‘450 patent recites that the instrument shaft includes an elongated instrument shaft extending along a longitudinal axis. The distal bendable member is located in-line with the elongated instrument shaft,

coupling a distal end of the elongated instrument shaft to the tool. The proximal bendable member is located in-line with the elongated instrument shaft, coupling a proximal end of the elongated instrument shaft to the handle, via the rotation knob.

77. Claim 12 of the '450 patent recites, for example, a surgical instrument. The surgical instrument includes an elongated instrument shaft, with a working member disposed from a distal end of the shaft and a control handle disposed from a proximal end of the shaft. A distal bendable member, capable of bending into a curved configuration, couples the working member to the distal end of the shaft, and a proximal bendable member, capable of bending into a curved configuration, couples the control handle to the proximal end of the shaft. A manually rotatable member is located adjacent to the control handle and between the control handle and the proximal bendable member. The rotatable member is adapted to be manually rotated, which rotates the instrument shaft, distal bendable member and working member relative to the control handle. An actuation element extends between the distal and proximal bendable members, with any deflection of the control handle with respect to the shaft causing a corresponding bending of the distal motion member, for control of the working member.

78. Dependent claim 13 of the '450 patent recites that the rotatable member includes a rotation knob with a cavity. The cavity receives at least a portion of the proximal bendable member, and at least a portion of the rotation knob is received by an open end of the handle. The rotation knob has a proximal bendable member supported therein, in a fixed relative rotation with respect to the proximal bendable member.

79. Dependent claim 14 of the '450 patent recites that the working member includes a tool, supported from the distal bendable member, extending along a distal tool axis. The rotatable member includes a rotation knob, with rotation of the knob causing rotation of the working member about the distal tool axis.

80. Dependent claim 15 of the '450 recites that rotation of the rotation knob

rotates the instrument shaft and distal bendable member, rotating the tool about the distal tool axis, while maintaining the orientation of the tool.

81. Defendants make, use, sell, offer to sell, and/or import into the United States Accused Products that infringe at least the aforementioned claims of the ‘450 patent.

82. The Accused Products include a medical instrument with an instrument shaft coupling an operating handle at a proximal end and a tool at a distal end. A proximal bendable member, bendable into a curved configuration, is located at the proximal end, and a distal bendable member, bendable into a curved configuration, is located at the distal end. In the Accused Products, one or more actuating elements intercouple the proximal and distal bendable members, which are responsive to a manually initiated bending at the proximal bendable member, thereby causing a corresponding bending of the distal bendable member into a curved position. This controls, via the handle, the positioning of the tool.

83. The Accused Products further incorporate the features of claims 2-15.

84. Therefore, the Accused Products meet all of the limitations of at least claims 1-15, literally or under the doctrine of equivalents.

**COUNT 5: INFRINGEMENT OF U.S. PATENT NO. 7,686,826**

85. Endobotics re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

86. United States Patent No. 7,686,826 (“the ‘826 patent”), entitled “Surgical Instrument,” was duly and legally issued by the U.S. Patent and Trademark Office on March 30, 2010. Endobotics is the owner by assignment of all right, title and interest in and to the ‘826 patent, including all right to recover for any and all infringement thereof. All necessary maintenance fees for the ‘826 patent have been timely paid in full. The ‘826 patent is valid and enforceable. A true and correct copy of the ‘826 patent is attached as Exhibit E.

87. Claim 38 of the ’826 patent recites, for example, a surgical instrument.

The surgical instrument includes an elongated instrument shaft, with a tool coupled, via a distal bendable member, at a distal end, and a control handle coupled, via a proximal bendable member, at a proximal end. Actuation means extend between the distal and proximal bendable members, with any deflection of the control handle with respect to the shaft causing corresponding motion of the distal bendable member for control of the tool. A rotation knob rotates the instrument shaft and tool relative to the control handle. The proximal bendable member arranges for rotation with the rotation knob. The shaft includes an outer shaft tube that intercouples between the proximal and distal bendable members, with actuator cable extending through the outer shaft tube between the control handle and tool. Both the outer shaft tube and the actuator cable are rotated upon rotation of the rotation knob.

88. Defendants make, use, sell, offer to sell, and/or import into the United States Accused Products that infringe at least the aforementioned claims of the '826 patent.

89. The Accused Products include a surgical instrument with an elongated instrument shaft, with a tool coupled, via a distal bendable member, at a distal end, and a control handle coupled, via a proximal bendable member, at a proximal end. Actuation means in the Accused Products extend between the distal and proximal bendable members, with any deflection of the control handle with respect to the shaft causing corresponding motion of the distal bendable member for control of the tool. A rotation knob rotates the instrument shaft and tool relative to the control handle. The proximal bendable member arranges for rotation with the rotation knob. The shaft includes an outer shaft tube that intercouples between the proximal and distal bendable members, with actuator cable extending through the outer shaft tube between the control handle and tool. Both the outer shaft tube and the actuator cable are rotated upon rotation of the rotation knob.

90. Therefore, the Accused Products meet all of the limitations of at least claim 38, literally or under the doctrine of equivalents.

**Willful Infringement**

91. Endobotics re-alleges and incorporates the allegations in each of the preceding paragraphs as if fully set forth herein.

92. Upon information and belief, all of Defendants infringing activities have been done with knowledge, understanding and appreciation of the ‘650 patent, ‘513 patent, ‘582 patent, ‘450 patent, and the ‘826 patent, and the rights in the surgical instrumentation these patents bestow on Endobotics.

93. Upon information and belief, Defendants have known about the ‘650 patent, ‘513 patent, ‘582 patent, ‘450 patent, and the ‘826 patent, and their pertinence to their business activities, for at least one year.

94. For at least the past year, Defendants have continued in a course of conduct without taking sufficient steps to ensure the non-infringement of the ‘650 patent, ‘513 patent, ‘582 patent, ‘450 patent, and the ‘826 patent by, *inter alia*, continuing to sell, offer for sale and manufacture products whose use in the manner directed by Defendants infringe the ‘650 patent, ‘513 patent, ‘582 patent, ‘450 patent, and the ‘826 patent.

95. Defendants actions in spite of continued warnings by Endobotics evidence a willful disregard of Endobotics’ rights vis-à-vis the ‘650 patent, ‘513 patent, ‘582 patent, ‘450 patent, and the ‘826 patent and a desire to profit irrespective of U.S. patent laws.

96. Defendants’ acts of infringement have caused and will continue to cause substantial and irreparable damage to Endobotics.

**DAMAGES**

97. On information and belief, 35 U.S.C. § 287(a) was complied with at all relevant times.

98. Endobotics has sustained damages as a direct and proximate result of Defendants’ infringement of the ‘650 patent, ‘513 patent, ‘582 patent, ‘450 patent, and the ‘826 patent.

99. As a consequence of Defendants' past infringement of the '650 patent, '513 patent, '582 patent, '450 patent, and the '826 patent, Endobotics is entitled to the recovery of past damages in the form of, at a minimum, a reasonable royalty.

100. As a consequence of Defendants' continued and future infringement of the '650 patent, '513 patent, '582 patent, '450 patent, and the '826 patent, Endobotics is entitled to royalties for its infringement of these patents on a going-forward basis.

101. Because Defendants' infringement of the '650 patent, '513 patent, '582 patent, '450 patent, and the '826 patent has been and continues to be willful, Endobotics is entitled to treble damages.

## PRAYER FOR RELIEF

102. WHEREFORE, Endobotics respectfully requests that this court enter judgment against Defendants as follows:

A. Adjudging that Defendants have infringed at least claims 1-4, 22, 25, 28-29, 84 and 111 of the '650 patent, claims 1, 5, 36 and 50 of the '513 patent, claims 1, 10, 29, 41, 46, 49, 55 and 61 of the '582 patent, claims 1-15 of the '450 patent, and claim 38 of the '826 patent, in violation of 35 U.S.C. §§ 271(a) and (b);

B. An award of damages to be paid by Defendants adequate to compensate Endobotics for Defendants past infringement and any continuing or future infringement up until the date such judgment is entered, and in no event less than a reasonable royalty, including interest, costs and disbursements pursuant to 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including without limitation those sales not presented at trial;

C. Ordering an injunction or for Defendants to continue to pay royalties to Endobotics for infringement of the '650 patent, '513 patent, '582 patent, '450 patent, and '826 patent, on a going-forward basis at an increased amount to account for willfulness;

D. Awarding Endobotics treble damages based on any infringement to be willful pursuant to 35 U.S.C. § 284;

E. Adjudging that Defendants willfully infringed the patents-in-suit and this case be exceptional under 35 U.S.C. § 285 and awarding enhanced damages, including costs and attorneys' fees, to Endobotics;

F. Awarding Endobotics pre-judgment and post-judgment interest at the maximum rate permitted by law on its damages; and

G. Granting Endobotics such further relief as this Court deems just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Endobotics, Inc. demands a trial by jury on all claims and issues so triable.

DATED: December 1, 2017

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: s/Victor M. Felix
Victor M. Felix
Attorneys for Endobotics, Inc.